IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FREDERICK D. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-013 |
| | ) | |
| JAMES BLAIR and | ) | |
| LIEUTENANT FOREMAN, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, currently incarcerated at Johnson State Prison in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983.  Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).  The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  After a review of Plaintiff's

complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

## I.    BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have brought any federal lawsuits while incarcerated or

detained in any facility dealing with facts other than those in the current case, (3) the disposition of any such lawsuits, and (4) whether they were allowed to proceed IFP in any such lawsuits.  (Doc. no. 1, pp. 1-3.)  Under the question concerning whether a prisoner plaintiff has brought any lawsuits dealing with facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, the date of filing and disposition, and whether he was allowed to proceed IFP.  (Id. at 2-3.)  If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id. at 2.)

## II.    DISCUSSION

Here, under penalty of perjury, Plaintiff identified one prior case he filed dealing with the facts other than those in this action, acknowledged he had been permitted to proceed IFP in a 2009 case, and he stated that although he did not know the case number, the case had been "dismissed."  (Id. at 2-3 (identifying Green v. Nopen, 5:2009cv00008 (M.D. Ga. Feb. 5, 2009).[1])  Under the question asking whether an any federal lawsuit in which Plaintiff was allowed to proceed IFP had been dismissed as frivolous, malicious, or for failure to state a claim, Plaintiff checked "no," but he again stated he had been allowed to proceed IFP in a case but could not recall why the case had been dismissed.   (Id. at 3.)

However, the Court is aware of another case Plaintiff commenced in the Middle District of Georgia in 2014 which was eventually transferred to the Northern District of Georgia because Plaintiff failed to state a claim for relief against any Defendant located in

---

[1]Plaintiff initially commenced the case against Defendant Nopen in the Northern District of Georgia, Green v. Nopen, 1:2008cv03882 (N.D. Ga. Dec. 18, 2008), but the case was transferred because it involved allegations of wrong-doing at Jackson State Prison located in Butts County, Georgia, in the Middle District of Georgia.

the Middle District.  Green v. Owens, 1:14-CV-0112, doc. no. 6 (M.D. Ga. Aug. 11, 2014).

Upon arrival in the Northern District, the remainder of the case was dismissed as frivolous.

Green v. Crickmar, 4:14-CV-00201, doc. no. 10 (N.D. Ga. Oct. 10, 2014).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a

complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for

the purpose of determining whether prior cases counted as "strikes" under the PLRA and

stated:

> The district court's dismissal without prejudice in Parker is equally, if not
> more, strike-worthy.  In that case, the court found that Rivera had lied under
> penalty of perjury about the existence of a prior lawsuit, Arocho.  As a
> sanction, the court dismissed the action without prejudice, finding that Rivera
> "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013)

(affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose

previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th

Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint

raising claims that included denial of proper medical care and cruel and unusual punishment

for placement in a "restraint chair" and thirty-seven days of solitary confinement upon

discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y

Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third

amended complaint based on a plaintiff's failure to disclose prior cases on the court's

complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar.

21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where

plaintiff failed to disclose new case commenced in interim between filing original complaint

4

and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).  As discussed above, Plaintiff's disclosures concerning his prior federal lawsuits was blatantly dishonest.  In an attempt to apparently explain away his lack of candor, Plaintiff simply states he does not have a record of his prior lawsuit and cannot remember why the case was dismissed.  Even if Plaintiff is referring to the one case he disclosed from 2009, that does not excuse his failure to disclose the case from 2014 which was actually reviewed by two separate courts and twice determined not to contain any viable claims.

Moreover, as another Magistrate Judge within this District has explained in rejecting a conclusory attempt to explain a lack of candor based on a purported absence of records about prior cases, "Plaintiff did make any real effort to describe his cases. . . ."  Ballou v. Meadows Reg'l Med. Ctr., 6:17-CV-121, doc. no. 13, p. 9 (S.D. Ga. Oct. 10, 2017).  Indeed, Plaintiff described only one case from 2009 and did not even acknowledge the other complaint he filed in 2014, let alone suggest the 2014 claims were dismissed at the outset. As the 2009 case was litigated through the summary judgment stage to entry of judgment in favor of Defendant Nopen,[2] Plaintiff was at least aware the 2014 case never proceeded to a decision on the merits.   Accordingly, this case should be dismissed without prejudice as a sanction for the dishonesty.

---

[2]Green v. Nopen, 5:2009cv00008, doc. no. 46 (M.D. Ga. Mar. 15, 2010).

### III.     CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 27th day of March, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA