FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 APR 23 PM 3:29
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FREDERICK D. GREEN, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 318-013 |
| JAMES BLAIR and LIEUTENANT FOREMAN, | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 16). The Magistrate Judge recommended dismissing the case without prejudice as a sanction for Plaintiff providing dishonest information about his filing history. (See doc. no. 13.) Plaintiff does not deny he filed the undisclosed case identified by the Magistrate Judge, but he claims he knew "full well" that the Court had the resources to discover his prior filings. Thus, he "mentioned" he could not remember the details of his prior filings "so that the Court could do its own research." (Doc. no. 16, p. 1.)

The plain language of the complaint form explains a prisoner plaintiff must disclose his prior filing history and specifically asks if any prior case had been dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3.) As the Magistrate Judge explained, Plaintiff misstated his prior history. (Doc. no. 13, pp. 3-4.)

The undisclosed case actually had had two trips through federal court, one in the Middle District of Georgia and one in the Northern District of Georgia – neither of which was disclosed. (Id.)

An incomplete description of litigation history blamed on an allegedly vague memory is not an acceptable reason to excuse dishonesty:

> The plain language of the standard complaint form is clear – asking whether Plaintiff "ever filed any lawsuit while incarcerated or detained." (citation omitted) Thus, regardless of the outcome of Plaintiff's prior lawsuits, his initiation of those lawsuits is the precise type of activity for which this prompt requires disclosure. Plaintiff failed to fully disclose the information requested about his prior lawsuits and appeals. This constitutes a lack of candor that will not be tolerated in this Court. Plaintiff attempts to explain away his lack of candor by stating that he does not have full records regarding his past cases. (citation omitted) However, Plaintiff did not make any real effort to describe his cases. . . .

Ballou v. Meadows Reg'l Med. Ctr., 6:17-CV-121, doc. no. 13, p. 9 (S.D. Ga. Oct. 10, 2017), *adopted by* doc. no. 16 (S.D. Ga. Jan. 23, 2018).

Similarly here, Plaintiff argues he should be excused from providing honest responses even though he made no real effort to describe his prior cases because he made passing mention that he had filed other, undisclosed lawsuits. However, it is incumbent on Plaintiff, who signed his complaint under penalty of perjury, to provide accurate information about his prior filing history. It is not incumbent on the Court to ferret out the true status of Plaintiff's prior cases. Moreover, Plaintiff's claim rings hollow that he could remember a lawsuit from 2009 but could not recall *any* details of a case filed in 2014 that made its way through two different federal courts. As the case law cited in the Report and Recommendation makes clear, failing to disclose prior filing history will not be tolerated, and the Eleventh Circuit has

repeatedly approved of dismissing a case without prejudice as a sanction. (See doc. no. 13, pp. 4-5.)

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without prejudice as a sanction for Plaintiff's abuse of the judicial process, and **CLOSES** this civil action.

SO ORDERED this 23rd day of April, 2018, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE